UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| CLAYTON ROCKMAN, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 09-CV-2029 |
| BLAIR LEIBACH, et al., | ) ) |
| Defendants. | ) ) |

## OPINION

This case is before the court for ruling on the Bill of Costs (#99) filed by Defendants. Defendants have requested $317.05 and attached documentation showing that they were billed $317.05 for a transcript of Plaintiff's deposition. Plaintiff has filed an Objection to Bill of Cost (#100). This court has carefully reviewed the submissions of the parties and, following this careful and thorough consideration, Defendants' Bill of Costs (#99) is allowed and costs are assessed in the amount of $317.05.

## ANALYSIS

On March 26, 2012, this court entered an Opinion (#97) and granted Defendants' Motion for Summary Judgment (#90). Therefore, Judgment was entered in favor of Defendants and against Plaintiff (#98).

On March 29, 2012, Defendants filed their Bill of Costs (#99). Defendants stated that they were requesting costs in the amount of $317.05. They attached documentation showing that they were billed $317.05 for Plaintiff's deposition which was taken on August 26, 2011. The itemized charges were $60.00 in attendance fees and $257.05 for an original transcript. The transcript charge was based upon 97 pages at $2.65 per page.

On April 13, 2012, Plaintiff filed an Objection to Bill of Cost (#100). Apparently,

Plaintiff misread the Bill of Costs form and concluded that Defendants were seeking costs for "[c]ompensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828." Plaintiff has quoted the statute and has argued that Defendants are not entitled to recover costs under this statute.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that there is, therefore, a presumption that the prevailing party will recover costs. See Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 864 (7th Cir. 2005). "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). The presumption in favor of awarding costs is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks, 126 F.3d at 945; Fitts v. Vill. of Grant Park, 2011 WL 811456, at *1 (C.D. Ill. 2011). Generally, a court may deny costs for two reasons: 1) because the losing party is unable to pay; and 2) because the prevailing party engaged in misconduct. Fitts, 2011 WL 811456, at *1, see also Weeks, 126 F.3d at 945. This court notes that Plaintiff has not argued that costs should not be awarded because Defendants engaged in misconduct and has not shown that he is unable to pay. Therefore, Defendants are entitled to an award of costs.

However, in taxing costs, this court must consider whether the costs requested are recoverable and whether the costs requested are both reasonable and necessary. See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998). Allowable costs in most

cases are limited to the categories listed in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atl. Trading Co., 481 F.3d 442, 447 (7th Cir. 2007).  "Costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement."  Horizon Hobby, Inc. v. Ripmax Ltd., 2009 WL 3381163, at *3 (C.D. Ill. 2009), aff'd 397 Fed. Appx. 627 (Fed. Cir. 2010).

In this case, Defendants are seeking the costs they incurred in obtaining a transcript of Plaintiff's deposition.  The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  There is no question that the transcript of Plaintiff's deposition was "necessarily obtained for use in the case."  Defendants attached the transcript to their Motion for Summary Judgment and relied on Plaintiff's deposition testimony in requesting summary judgment in this case.  This court also concludes that the amount of the charge for the transcript is reasonable.  Therefore, this court concludes that Defendants are entitled to an award of the $257.05 charged for the deposition transcript.  In addition, court reporter attendance fees may be recovered under § 1920(2) as part of the reasonable and necessary costs in obtaining a deposition transcript.  Held v. Held, 137 F.3d 998, 1002 (7th Cir. 1998); Draper v. Martin, 2010 WL 4687950, at *1 (C.D. Ill. 2010).  Accordingly, Defendants are also entitled to recover the $60.00 charged for an attendance fee.

IT IS THEREFORE ORDERED THAT:

(1)  Defendants' Bill of Costs (#99) is ALLOWED.

(2) Defendants are awarded costs in the total amount of $317.05.

ENTERED this 17th day of April, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE